UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLYNN,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTY OF TUOLUMNE, *et al.*,<br><br>                Defendants. | Case No.  2:24-cv-2265-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, proceeding in pro se, has twice requested leave to proceed *in forma pauperis*, as required by 28 U.S.C. § 1915(a)(1).  ECF Nos. 2 & 4.  After reviewing plaintiff's initial application, it appeared that plaintiff had sufficient funds to cover the filing fee.  ECF No. 3.  His application indicated that he has a take-home pay of $1,740 monthly, receives $1,481 monthly in social security disability benefits, receives monthly $3,108 from his pension monthly, and has $9,300 in his checking account—which seemed to be more than enough to pay the $405 filing fee.  *Id.*

       Instead of recommending that plaintiff's application be denied, I ordered plaintiff to explain why he cannot both pay the filing fee and still afford his necessities.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").

1

1    In response, plaintiff filed a renewed application to proceed *in forma pauperis*.[1] ECF No.
2  4. The new application indicates that plaintiff has no take-home pay, receives $1,481 monthly in
3  social security disability benefits, receives monthly $259 from his pension monthly, and has
4  $7,959 in his checking account. *Id.* at 1-2. Plaintiff also explains that his bills amount to
5  approximately $1,563 monthly and that he has no dependents or debt. *Id.* at 2.

6    Pursuant to federal statute, a filing fee of $350 is required to commence a civil action in
7  federal district court. 28 U.S.C. § 1914(a). This court also requires a $55 administrative fee. The
8  court may authorize the commencement of an action without prepayment of fees and costs or
9  security therefor, by a person who submits an affidavit showing that he is unable to pay such
10  costs or give security therefor. 28 U.S.C. § 1915(a)(1). An *in forma pauperis* applicant must
11  demonstrate that because of his poverty, he cannot meet court costs and still provide himself and
12  his dependents with the necessities of life. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307
13  (11th Cir. 2004) (affidavit is sufficient if it represents that the litigant is "unable to pay for the
14  court fees and costs, and to provide necessities for himself and his dependents") (citing *Adkins v.*
15  *E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also, Sears, Roebuck & Co. v.*
16  *Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (denying *in forma pauperis*
17  status where applicant had a net income of approximately $20,000).

18    Plaintiff's affidavit indicates that he has $7,959 in a bank account and receives $1,740
19  monthly in benefits. ECF No. 2 at 1-2. He further states that he has no dependents and no debts.
20  *Id*. at 2. Based on those averments, I find that plaintiff has failed to demonstrate that he has
21  insufficient assets to pay the filing fee and costs and provide the necessities of life to himself.

22    Accordingly, it is hereby RECOMMENDED that:

23    1. Plaintiff's applications to proceed *in forma pauperis*, ECF No. 2 & 4, be DENIED.

24    2. Plaintiff's request to grant his application to proceed *in forma pauperis*, ECF No. 5, be

---

[1] Plaintiff additionally filed a document titled "Ex Parte Request to E-File Fee Waiver Correction." ECF No. 5. There, plaintiff states the defendants have not been served and that he wishes for the court to grant his fee waiver. However, plaintiff offers no reasoning as to *why* he cannot pay the filing fee and costs and provide himself with the necessities of life. In light of the renewed application to proceed *in forma pauperis*, I will recommend that this request be denied.

DENIED.

3. Plaintiff be given twenty-one from the date of any order adopting these findings and recommendations to pay the filing fee of $405.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 25, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE